IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD GAYLORD BYFORD, JR.,<br><br>Petitioner,<br><br>vs.<br><br>SUPERINTENDENT McCLOUD,<br><br>Respondent. | Case No. 3:16-cv-00198-RRB<br><br>**<u>ORDER REGARDING § 2254 PETITION</u>** |

On August 30, 2016, Edward Gaylord Byford, Jr., a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 at Docket 1. Mr. Byford alleges that his conviction and/or sentence in the Superior Court for the State of Alaska in Superior Court case number 4KN-09-01800CR was unconstitutionally secured.[1] He seems to have not exhausted all of his state remedies on all of the grounds for his petition,[2] but if this case were dismissed for that reason some of his issues might then

---

[1] Docket 1 at 2.

[2] As of this writing Byford's appeal of his post–conviction relief case 3KN-12-00745CI to the Alaska Court of Appeals is still pending. *See* Docket 1 at 3. The Court takes judicial notice of these facts after reviewing the public court record found by inputting case number A11832 into the Alaska Court System's appellate court search engine found at:

http://www.appellate.courts.state.ak.us/frames1.asp

Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a

become time-barred.[3]   For this reason, and because Mr. Byford repeatedly indicates that he is "unclear to the meaning of . . . question[s]" asked by his habeas petition,[4] the Court proceeds as follows.

**IT IS THEREFORE ORDERED**:

1. The Clerk of Court is directed to serve the petition, at Docket 1, and this Order, on the Federal Public Defender for the District of Alaska and

> Ken Rosenstein
> Office of Special Prosecutions and Appeals
> 310 K Street, Suite 308
> Anchorage, Alaska 99501

By agreement between the Court and the Office of Special Prosecutions and Appeals, the Office of Special Prosecutions and Appeals will accept service on behalf of Respondent.[5]   Once an attorney is assigned to this case by the Office of Special Prosecutions and Appeals, that attorney will immediately file a notice of appearance.

2. The Criminal Justice Act (CJA)[6] authorizes the Court to appoint an attorney for a habeas petitioner who cannot afford an attorney.   An inquiry into Mr. Byford's

---

proceeding in another tribunal are appropriate for judicial notice.") (citing *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003)); *see also* Fed. R. Evid. 201.

[3]  *See* 28 U.S.C. § 2244(d)(1).

[4] *See, e.g.,* Docket 1 at 6, 7, 9, 10, 12, 14, etc.

[5] Fed. R. Sect. 2254 R. 4.

[6] 18 U.S.C. § 3006, *et. seq.*

3:16-cv-00198-RRB, *Byford v. McCloud*
Order Regarding § 2254 Petition
Page 2 of 5

finances could affect the substantive basis of his conviction; therefore, Mr. Byford is given the benefit of the doubt and the Federal Public Defender for the District of Alaska shall designate counsel from the CJA Panel or the Federal Public Defender's office to represent Mr. Byford in this case. Once designated, appointed counsel will immediately file a notice of appearance.

3. Counsel for Mr. Byford shall review the record, confer with Mr. Byford, and file any amended § 2254 petition, a notice that no amended petition will be filed, or a notice that the petition is being withdrawn, within sixty (60) days from the date of service of this Order.

4. Respondent shall have thirty (30) days from the date of service of an amended petition filed by counsel or a notice filed by counsel stating that no amended petition will be filed, to file an answer or otherwise respond. Under Rule 5(b) of the Rules Governing Section 2254 Cases, the Respondent's answer must address the allegations in the petition and whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The Respondent must attach to the answer parts of the transcript that Respondent considers relevant. If a transcript cannot be obtained, the

Respondent may submit a narrative summary of the evidence.[7] The Respondent must also file with the answer a copy of:

(1) any brief that the Petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;

(2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and

(3) certified copies of all pertinent findings and orders of Alaska State Court proceedings or decisions which have challenged the legality of Petitioner's confinement and citations to published opinions relating to the conviction or the sentence.

5. Counsel for Mr. Byford may file a reply to the Respondent's answer within twenty-one (21) days of service of the Respondent's answer.

6. Litigants are expected to develop the factual record in state court and resolve all disputed issues of material fact there. In the typical § 2254 case, proceedings in this court will be decided on the record from state court.[8] In order to obtain an

---

[7] The judge may order that the Respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. Fed. R. Sect. 2254 R. 5(c).

[8] *See Cullen v. Pinholster*, 563 U.S. 170 (2011); *Stokley v. Ryan*, 659 F.3d 802, 807-08 (9th Cir. 2011).

evidentiary hearing in federal court a party must comply with 28 U.S.C. § 2254(e)(2). The court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within (30) thirty days after the date Respondent files an answer. The motion must contain a clear and concise statement of (a) the necessity of the hearing, including why the evidence in the record is not sufficient; and (b) why the state court hearing (if any) was not fair or adequate.[9]

7. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a district court judge or magistrate judge of this court about the merits of this action. All communication with the Court on behalf of Mr. Byford should only be made through filings by his lawyer.

DATED this 8th day of March, 2017 at Anchorage, Alaska.

/s/ Ralph R. Beistline
United States District Judge

---

[9] *See* D. Ak. HCR 8.1.

3:16-cv-00198-RRB, *Byford v. SOA*
Order Regarding § 2254 Petition
Page 5 of 5

Case 3:16-cv-00198-RRB   Document 4   Filed 03/08/17   Page 5 of 5